# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\*\*\*

JOSEPH COOPER,

         Plaintiff,

vs.

LAS VEGAS METRO POLICE DEPARTMENT,

         Defendant.

Case No. 2:19-cv-02231-KJD-VCF

**ORDER**

APPLICATION TO PROCEED IN FORMA PAUPERIS (EFC NO. 1) AND COMPLAINT (ECF NO. 1-1)

      Before the Court are pro se plaintiff Joseph Cooper's application to proceed in forma pauperis (ECF No. 1) and complaint (ECF No. 1-1). Cooper's in forma pauperis application is granted and his complaint is dismissed without prejudice.

## DISCUSSION

      Cooper's filings present two questions: (1) whether Cooper may proceed in forma pauperis under 28 U.S.C. § 1915(e) and (2) whether Cooper's complaint states a plausible claim for relief.

**I.    Whether Cooper May Proceed In Forma Pauperis**

      Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff's application to proceed in forma pauperis includes a declaration under penalty of perjury that plaintiff is unable to pay the costs of these proceedings. (ECF No. 1). Plaintiff declares that in the past 12 months he has received no wages, and that he receives disability payments. Although plaintiff does not state how much money he receives in social security payments, he states that he has no cash or money in the bank, that his only monthly expense is a bus pass, and that he does not own a home, a car, or any other things of value. Plaintiff's application to proceed in forma pauperis is granted.

**II.     Whether Cooper's Complaint States a Plausible Claim**

    **a. Legal Standard**

Section 1915 also requires that if the Court grants an application to proceed in forma pauperis, the Court must review plaintiffs' complaint to determine whether the complaint is frivolous, malicious, fails to state a claim on which the Court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil Procedure 8(a) provides that a complaint "that states a claim for relief" must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)). Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

Though "[n]o technical form is required for complaints" (Fed. R. Civ. P. 8(a)), "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. …If doing so would promote clarity, each claim founded on a separate transaction or occurrence…must be stated in a separate count or defense" (Fed. R. Civ. P. 10(b)). The amended complaint must be "complete in itself, including exhibits, without reference to the superseded pleading." LR 15-1. "A document filed pro se is 'to be liberally construed'" and "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint

with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

### b. Cooper's Claims in the Complaint

Plaintiff brings claims pursuant to 42 U.S.C. Section 1983. (ECF No. 1-1 at 1). Section 1983 is a federal law; thus this Court has federal question jurisdiction over Cooper's claims. Plaintiff is not incarcerated, and he states he is a member of the Cherokee tribe. (*Id.* at 3). Cooper alleges that the Las Vegas Metro Police Department towed his vehicle and fractured his wrist, chest, and shoulder in violation of Federal Indian Law, civil rights, the A.D.A., and the U.S. and Cherokee-Nation constitutions. (*Id.*) Plaintiff alleges that this Court has jurisdiction under the Bill of Rights of the Cherokee Constitution and the Article I, Section 8, Clause 3 of the U.S. Constitution which states that Congress has the power to regulate Indian Tribes. (*Id.*) Plaintiff brings claims for "police abuse", false arrest, and personal injury. (*Id*. at 4). Plaintiff asks for damages for pain and suffering, $20 million dollars, and removal of his charges from his record. (*Id.* at 9).

### i. The Named Defendant in the Complaint

To state a claim under 42 U.S.C.S. Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S*., 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002). Municipalities may not be held liable on a respondeat superior theory under Section 1983. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom . . . inflicts the injury." *Id.* at 694. Municipalities and other local government units are

included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

To establish liability for a Section 1983 violation, plaintiff must establish that defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. *White v. Roper*, 901 F.2d 1501, 1505-1506 (9th Cir. 1990). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was in a position to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

The plaintiff also has not alleged any facts that the LVMPD has a policy or custom that is the moving force behind the alleged constitutional violations in the complaint, so the Court must dismiss the Complaint against the LVMPD. Because the LVMPD is the only defendant (plaintiff has not listed any officers as defendants in this case), the Court must dismiss this case without prejudice for failure to state a claim. Cooper should take this issue (regarding the named defendant) and following issues into consideration if he files an amended complaint.

### ii. Police Abuse and Personal Injury

It appears that Cooper's "police abuse" claim and his personal injury claim is a Fourth Amendment excessive force claim. All claims that law enforcement officers have used excessive force -- deadly or otherwise -- in the course of an arrest must be analyzed under the Fourth Amendment and its

"reasonableness" standard. *Smith v. City of Hemet*, 394 F.3d 689, 700 (9th Cir. 2005); citing to *Graham v. Connor*, 490 U.S. 386, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989)("[T]he 'reasonableness' inquiry in an excessive force case is an objective one: The question is whether the officers' actions are 'objectively reasonable' in light of the facts and circumstances confronting them[.]"

The plaintiff has alleged that the "LVMPD" fractured his wrist, chest, and shoulder. If plaintiff amends his complaint to include the LVMPD officer(s) as defendants, using the liberal pleading standard, then his claims against the individual officers would likely be allowed to proceed as an excessive force claim in violation of his Fourth Amendment rights.

### iii. False Arrest and Remedy Regarding Removal of Charges

The United States Supreme Court has found that absent extraordinary circumstances, federal courts must not interfere with pending state criminal prosecutions, even if the civil litigant alleges violations of his constitutional rights. *Younger v. Harris*, 401 U.S. 37, 43 (1971). Pursuant to the Younger abstention doctrine federal courts may not stay or enjoin pending state criminal court proceedings, nor grant monetary damages for constitutional violations arising from them. *Mann v. Jett*, 781 F.2d 1448, 1449 (9th Cir. 1986). "Younger principles apply to a claim for damages based on constitutional challenges which can be asserted in pending state proceedings that implicate important state interests, and that the correct disposition is to defer – not to dismiss – when damages are at issue." *Gilbertson v. Albright*, 381 F.3d 965, 982 (9th Cir. 2004). Once the state proceeding has run its course, the Court can decide whether the damages action should proceed. "If the plaintiff is ultimately convicted *[Heck v. Humphrey*, 512 U.S. 477, (1994)] will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007).

Cooper alleges that he wishes to bring claims against the LVMPD for false arrest. Cooper is not currently incarcerated, but he has not notified the Court whether his criminal proceedings are completed.

5

If Cooper is not convicted or if his conviction is overturned on appeal, then Cooper's false arrest claim could be plausible and this Court might allow that claim to proceed. If Cooper is convicted and does not appeal, then this Court may dismiss Cooper's false arrest claim without prejudice. See *Cato,* 70 F.3d at 1106. A § 1983 claim cannot be used to vacate convictions or to remove charges from a criminal record, but it can be used to "recover damages for allegedly unconstitutional conviction." *Heck v. Humphrey*, 512 U.S. 477, 486 (1994). The "plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Id.* at 486-487. To avoid dismissal of his false arrest claim, plaintiff would need to indicate in his notice that he has not been convicted in the state criminal proceeding or that his conviction has been overturned by any court. Cooper also cannot seek removal of his charges from his record in his amended Section 1983 complaint. If Cooper amends his complaint without providing notice regarding the status of his criminal proceedings, the Court may have to dismiss or stay the case. See *Younger*, 401 U.S. at 44 and *Wallace*, U.S. at 394.

### iv. Americans with Disabilities and the Impounded Vehicle

To state a claim under the Americans with Disabilities Act, a plaintiff must allege they were excluded or discriminated against by a public entity based on a disability. 42 U.S.C.S. § 12132. Plaintiff has not alleged any facts regarding his disability or how the LVMPD discriminated against him based on a disability. If Cooper amends his complaint and wishes to bring an ADA claim, he must describe his disability and he must allege in detail how the LVMPD discriminated against him based on his disability.

The Fourteenth Amendment protects against deprivations 'without due process of law.'" *Parratt v. Taylor*, 451 U.S. 527, 537, 68 L. Ed. 2d 420, 101 S. Ct. 1908 (1981), (quoting *Baker v. McCollan*, 443

U.S. 137, 145, 61 L. Ed. 2d 433, 99 S. Ct. 2689 (1979)). The Ninth Circuit has recognized that an impoundment may be proper under the community caretaking doctrine if the driver's violation of a vehicle regulation prevents the driver from lawfully operating the vehicle, and it is necessary to remove the vehicle from an exposed or public location. See *Miranda v. City of Cornelius*, 429 F.3d 858, 865 (9th Cir. 2005) (citing *United States v. Gutierrez*, 995 F.2d 169, 171 (9th Cir. 1993) (both cases finding where defendant had no valid driver's license, he could not drive his vehicle away). A decision to impound a vehicle that is not consistent with the police's role as "caretaker of the streets" may be unreasonable. *Id*. (internal citation omitted). The Ninth Circuit has found that in determining whether to impound a vehicle, a police officer must consider the location of the vehicle and whether the vehicle was actually "impeding traffic or threatening public safety and convenience" on the streets such that impoundment was warranted. *Id.* (citing *South Dakota v. Opperman*, 428 U.S. 364, 371, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976)). An officer cannot reasonably order an impoundment in situations where the location of the vehicle does not create any need for the police to protect the vehicle or to avoid a hazard to other drivers. *Id.* (internal citation omitted).

Cooper does not provide any facts regarding the impoundment of his vehicle, other than the fact that the police arrested him. It may have been reasonable for the police to impound his vehicle after they arrested him because the vehicle would have been abandoned, and there could have been a public safety concern. Cooper does not provide any facts regarding why he believes that the police violated his rights when the LVMPD impounded his vehicle subsequent to his arrest. If Cooper amends his complaint, to state a plausible Fourteenth Amendment claim, he must describe in detail where his vehicle was parked and why he believes the police should not have impounded his vehicle.

//

### v. Tribal Law Claims

"Native American tribal courts cannot entertain 42 U.S.C.S. § 1983 suits." *Nevada v. Hicks*, 533 U.S. 353, 355, 121 S. Ct. 2304, 2308 (2001). "[T]here is a line of cases that indicates that the source of the right at issue, rather than the jurisdictional basis of the court, shall control the choice of law. *SEC v. Elmas Trading Corp.*, 683 F. Supp. 743, 749 (D. Nev. 1987); citing to *Sun Studs, Inc. v. Applied Theory Associates, Inc.*, 772 F.2d 1557, 1561 (Fed. Cir. 1985) (the nature of the legal issue, rather than the court's statutory basis for subject matter jurisdiction, determines the choice of law); also citing to *Intern. Order of Job's Daughters v. Lindeburg & Co.*, 633 F.2d 912, 915 (9th Cir.), cert. denied, 452 U.S. 941, 69 L. Ed. 2d 956, 101 S. Ct. 3086 (1981) (the source of the right sued upon, not the ground on which the federal jurisdiction is invoked, determines the appliable law). *SEC v. Elmas Trading Corp.*, 683 F. Supp. 743, 749 (D. Nev. 1987). Federal courts have occasionally considered tribal law as part of a conflicts-of-law inquiry.[1] See *Quechan Indian Tribe v. United States*, 535 F. Supp. 2d 1072, 1103 (S.D. Cal. 2008)(Holding in its choice-of-law analysis that, "if a private person would be held liable under Quechan law for engaging in the acts alleged here, Quechan law will apply."; see also *Cheromiah v. United States*, 55 F. Supp. 2d 1295, 1299 (D.N.M. 1999)(Holding in its choice-of-law analysis that, "[b]ecause the Court concludes that Acoma tribal law must control this case, the Court will likewise find that the New Mexico Malpractice Cap does not apply in this case." The doctrine of claim splitting provides that a party may not split a cause of action into separate grounds of recovery and raise the

---

[1] While many U.S. Supreme Court cases have considered whether federal, state, or tribal courts have jurisdiction in a variety of cases that implicate tribal interests, neither the U.S. Supreme Court nor the Ninth Circuit has considered whether tribal law can be applied in a conflict-of-law analysis. See e.g. Florey, Katherine J., *Choosing Tribal Law: Why State Choice-of-Law Principles Should Apply to Disputes with Tribal Contacts*. American University Law Review 55, no.6, 1627-1696 (August 2006); see also Cohen's Handbook of Federal Indian Law (2005) § 7.06[2], note 24 at 652-54 (noting that, "[a]pplication of modern choice-of-law principles should sometimes lead state and federal courts to apply tribal law[ ]."

separate grounds in successive lawsuits. *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 692 (9th Cir. 2007); see also *In re PersonalWeb Techs.,* LLC, 2019 U.S. Dist. LEXIS 56804, at 49 (N.D. Cal. Mar. 13, 2019).

Cooper must bring his Section 1983 claims in either federal or state court because the U.S. Supreme Court has held that tribal courts cannot hear Section 1983 claims, which would include Cherokee tribal courts. Because of the doctrine of claim splitting, plaintiff would probably also be unable to bring claims related to this incident in Cherokee tribal courts. There is scarce case law regarding federal courts applying tribal law in a conflict-of-law inquiry, but at least one district court within the Ninth Circuit has applied tribal law (See *Quechan Indian Tribe v. United States*, 535 F. Supp. 2d 1072, 1103 (S.D. Cal. 2008)) and the leading treatise on American Indian law (Cohen's Handbook of Federal Indian Law) has noted that modern choice-of-law principles should sometimes lead federal courts to apply tribal law. It may be a difficult task, but Cooper might be able to bring plausible tribal law claims regarding his injuries against the offending officers in this Court. Cooper must amend his complaint and specify which tribal laws or portions of the Cherokee-Nation Constitution he believes the Court should consider in this case.

ACCORDINGLY,

IT IS ORDERED that plaintiff Cooper's application to proceed in forma pauperis (ECF No. 1) is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court shall file the complaint (ECF No. 1-1).

IT IS FURTHER ORDERED that Cooper's complaint (ECF No. 1-1) is DISMISSED WITHOUT PREJUDICE.

IT IS FURTHER ORDERED that Cooper has until Thursday, March 5, 2020, to file an amended complaint addressing the issues discussed above. Failure to timely file an amended complaint that

addresses the deficiencies noted in this order may result in a recommendation for dismissal with prejudice.

IT IS FURTHER ORDERED that if an amended complaint is later filed, the Clerk of the Court is directed **NOT** to issue summons on the amended complaint. The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable. *See* 28 U.S.C. § 1915(e)(2).

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

IT IS SO ORDERED.

DATED this 4th day of February 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE