**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| JOSEPH COOPER,<br><br>Plaintiff,<br><br>vs.<br><br>LAS VEGAS METRO POLICE DEPARTMENT,<br><br>Defendants. | 2:19-cv-02231-KJD-VCF<br><br>**Report and Recommendation for Dismissal**<br><br>AMENDED COMPLAINT [ECF NO. 8] |

Before the Court is *pro se* plaintiff Joseph Cooper's amended complaint (ECF No. 8). Plaintiff Cooper brings claims pursuant to 42 U.S.C. Section 1983 against the defendant the Las Vegas Metro Police Department for false arrest, police misconduct, and assault. (ECF No. 8 at 4). The Court recommends that this case be dismissed without prejudice.

**I.     Background**

Plaintiff filed an application to proceed in forma pauperis and complaint. (ECF Nos. 1 and 1-1). Plaintiff brought claims pursuant to 42 U.S.C. Section 1983 for false arrest, police abuse, and personal injury against defendant LVMPD. (ECF No. 1-1). The Court granted plaintiff's informa pauperis application and dismissed his complaint without prejudice with leave to amend, finding that he did, "not allege[ ] any facts that the LVMPD has a policy or custom that is the moving force behind the alleged constitutional violations in the complaint, so the Court must dismiss the Complaint against the LVMPD.

1

Because the LVMPD is the only defendant (plaintiff has not listed any officers as defendants in this case), the Court must dismiss this case without prejudice for failure to state a claim." (ECF No. 4 at 4). Plaintiff filed the instant amended complaint. (ECF No. 8). Plaintiff also filed a notice informing the Court that he has a new address and an exhibit to the amended complaint regarding his social security benefits. (ECF Nos. 6 and 7).

## II.   Discussion

Under 28 U.S.C. § 1915(e), upon granting a request to proceed in forma pauperis, a court must screen a complaint. The Court is given the authority to dismiss a case if the action is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).  "A complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations and citation omitted).  All material allegations in the complaint are accepted as true and are to be construed in the light most favorable to the plaintiff. *Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980).

To state a claim under 42 U.S.C.S. Section 1983, a plaintiff must plead that the named defendant (1) acted "under color of state law" and (2) "deprived the plaintiff of rights secured by the Constitution or federal statutes." *Gibson v. U.S*., 781 F.2d 1334, 1338 (9th Cir. 1986). Section 1983 "does not create any substantive rights; rather it is the vehicle whereby plaintiffs can challenge actions by governmental officials." *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002).  Municipalities may not be held liable on a respondeat superior theory under Section 1983.  *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 691, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978). A municipal entity may be liable when its "policy or custom…inflicts the injury." *Id.* at 694. Municipalities and other local government units are included in that group of "persons" referred to in Section 1983. *Id.* A complaint must allege "that the

policy is the moving force behind the constitutional violation." *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011). A single act by a non-policymaking official does not show the existence of a policy, custom, or practice. *Rivera v. Cty. of Los Angeles*, 745 F.3d 384, 389 (9th Cir. 2014). "[O]nly if a plaintiff shows that his injury resulted from 'permanent and well settled' practice may liability attach for injury resulting from a local government custom." *McDade v. West*, 223 F.3d 1135, 1141 (9th Cir. 2000).

To establish liability for a Section 1983 violation, plaintiff must establish that defendant's actions were (1) the cause in fact and (2) the proximate cause of the constitutional deprivation. *White v. Roper*, 901 F.2d 1501, 1505-1506 (9th Cir. 1990). To hold an individual defendant personally liable for damages under Section 1983, the causation inquiry must be focused on whether the individual defendant was in a position to take steps to avert the incident giving rise to the deprivation but failed to do so intentionally or with deliberate indifference. See *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988).

Plaintiff brings the same claims against the LVMPD, he does not list any individual defendants, and he does not allege any facts that the LVMPD has a policy or custom that is the moving force behind the alleged constitutional violations. (ECF No. 8 at 4). Plaintiff has failed to state a claim upon which relief may be granted: his complaint should be dismissed without prejudice.

ACCORDINGLY,

IT IS RECOMMENDED that this action be DISMISSED without prejudice and Judgment entered accordingly.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal

may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiff must immediately file written notification with the Court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**

    IT IS SO RECOMMENDED.

    DATED this 8th day of July 2020.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE